UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SHAKUR M. HUSSEIN,

               Plaintiff,

   v.

TRI-COUNTY METROPOLITAN
TRANSPORTATION DIST. OF OREGON,

               Defendant.

Case No. 3:26-cv-00268-AR

**ORDER TO AMEND**

_____

**ARMISTEAD, United States Magistrate Judge**

      Plaintiff Shakur M. Hussein, representing himself, sues his former employer, defendant

Tri-County Metropolitan Transportation District of Oregon (TriMet). Hussein alleges that TriMet

failed to reasonably accommodate his disability and refused to engage in the interactive process,

retaliated against him for reporting safety violations, and wrongfully discharged him violating

the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; the Occupational Safety

and Health Act (OSHA), 29 U.S.C. § 660(c); and Oregon common law. Also pending is

Hussein's request for leave to appear *in forma pauperis* (IFP) (ECF 2). The court's review of

Hussein's IFP request reveals that he cannot afford the filing fee and his IFP request (ECF 2) is therefore GRANTED. Yet Hussein's complaint contains deficiencies, and for this lawsuit to go forward, he must timely file an amended complaint that corrects the deficiencies identified in this order.

## BACKGROUND

Hussein was employed by TriMet as a Light Rail Operator. The relevant events occurred in 2025. On May 18, Hussein sustained a work-related injury to his hand, wrist, and arm due to the unsafe design and excessive force required to operate the drive stick on TriMet's Type 6 light rail trains. He reported his injury and safety concerns to his manager, Eroll Meadow, and TriMet's safety manager, Nathaniel Holton. The next day, at TriMet's instruction, he requested a reasonable accommodation from TriMet's human resources representative, Teresa Mead. Hussein requested that he be temporarily excused from assignment to Type 6 equipment due to his physical impairment. Rather than engage in the interactive process, Mead instructed Hussein to "go off work on a continuous leave." (Compl. at 2, ECF 1.)

On May 21, after being scheduled on a Type 6 train, Hussein raised his safety concerns with Meadow, who told him to "operate or mark off." Hussein then filed an internal safety report. One day later, he filed a formal complaint with OSHA concerning the unsafe Type 6 equipment and TriMet's practice of disabling external safety monitors on vehicles, creating a hazard for operators and passengers. (*Id.*)

On June 2, TriMet's senior administrative assistant Jan Cooper emailed management stating: "Given the present AWOL and medical verification request letters, I'm not sure where we go from here." Hussein contends that TriMet fabricated that he was absent without leave

because he was on administrative leave, and that has complied with TriMet's directives, including attending medical evaluations. TriMet has refused to provide him with the results of a June 25, 2025 Department of Transportation report. TriMet terminated Hussein's employment on July 3, because he was absent without leave. Hussein contends that the stated reason is pretextual that he was fired for engaging in protected activities—reporting safety violations, requesting accommodation, and filing an OSHA complaint. (*Id.* at 3.) Hussein seeks to recover $10 million in damages.

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented

---

[1]    *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

### A. *Oregon Tort Claim Notice*

In Oregon, before suing a public body, the Oregon Tort Claims Act mandates that plaintiffs provide notice of a claim "within 180 days after the alleged loss or injury." ORS § 30.275(2)(b). "No action arising from any act or omission" of a public body or its employees may be maintained unless the required notice is provided. ORS § 30.275(1). Moreover, "[t]he pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275(1) is a mandatory requirement and a condition precedent to recovery under the [OTCA]." *Urban Renewal Agency of City of Coos Bay v. Lackey*, 275 Or. 35, 40 (1976) (en banc). "Failure to give timely notice . . . is fatal to a plaintiff's tort claim against a public body." *Denucci v. Henningsen*, 248 Or. App. 59, 66 (2012).

TriMet is a public body to which the OTCA applies. *See Dickson v. TriMet*, 289 Or. App. 774, 779 (2018) (discussing application of OTCA to TriMet); *Davis v. Tri-County Metro. Transp. Dist.*, 45 F. Supp. 3d 1222, 1230-31 (D. Or. 2014) (discussing that TriMet is a public employer and a political subdivision of the state). Hussein's state law claims and his alleged injuries are governed by the OTCA. *See* ORS § 30.260(8) (broadly defining "tort" to mean "the breach of a

Page 4 – ORDER TO AMEND
 *Hussein v. TriMet*, 3:26-cv-00268-AR

legal duty that is imposed by law, other than a duty arising from contract or quasi-contract" that results in an injury "for which the law provides a civil right of action for damages").

Hussein alleges that he was terminated on July 3, 2025, and he filed this lawsuit on February 9, 2026, which is beyond the 180-day notice period. Hussein does not allege that he filed any notice of tort claim or complied in any way with the OTCA notice provision. Because the notice is mandatory and jurisdictional, Hussein's state law claims against TriMet are deficient as currently pleaded. If Hussein files an amended complaint, he must include allegations that he complied with the OTCA in order to proceed here with his state law claims.

### B.    *Exhaustion of Administrative Remedies*

A "plaintiff must first file a timely EEOC complaint against the allegedly discriminatory party before bringing an ADA suit in federal court." *Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006). Under 42 U.S.C. § 2000e-5(e), a plaintiff must "file a charge with the EEOC within 180 days of the last act of alleged discrimination, unless the [plaintiff] initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000), *overruled on other grounds by*, *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (*en banc*).

Hussein's complaint contains no facts alleging that he filed a charge relating to his ADA claim with the EEOC or with the Bureau of Labor and Industries (BOLI), the appropriate Oregon agency, and thus is subject to dismissal for failing to exhaust his administrative remedies. Accordingly, as currently pleaded, his ADA claim is deficient. If Hussein files an amended complaint, he must include allegations that he has timely exhausted his ADA claim by filing a charge with the EEOC or BOLI.

**C.**    *Sufficiency of Complaint*

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified). The factual allegations must "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**1.    ADA/ORS § 659A.112(a)**

The ADA and Oregon's statutory parallel prohibit an employer from discriminating "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a); ORS § 659A.112(a). Because Oregon's antidiscrimination statutes are "construed to the extent possible in a manner that is consistent with any similar provision" of the ADA and Hussein references ORS § 659A in his complaint, the court presumes that Hussein intends to bring a state law disability claim and analyzes them together. *See* ORS § 659A.139(1) (directing that ORS §§ 659A.103 to 659A.144 be construed in lockstep with similar ADA provisions).

To plead a claim under the ADA and Oregon law, Hussein must allege that (1) he is "disabled" as defined by the statutes, (2) he is a qualified individual under the statutes, and that (3) he experienced an adverse employment action based on his disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). To establish "disability," a plaintiff must adequately allege that he has a physical or mental impairment that substantially limits one or more major life activities or is regarded as having an impairment. 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(a), (g); ORS § 659A.104. The ADA defines a "disability" as "a physical or mental impairment," either real or perceived, "that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). To be regarded as disabled, a plaintiff must show that his "employer knew that the employee had an actual impairment or perceived the employee to have an impairment, and that the impairment was not transitory or minor." *Equal Emp. Opportunity Comm'n v. BNSF Ry. Co.*, 902 F.3d 916, 923 (9th Cir. 2018).

Although detailed allegations are not required at the pleading stage, Hussein must allege more than the facts alleged here to establish that his disability claim is plausible. As currently pleaded, he states that he has a physical impairment that substantially limits one or more major life activities, yet he does not identify that impairment. (Compl. at 3.) In the complaint, Hussein alleges that he sustained a work-related injury on May 18 and that he requested accommodation the next day. (*Id.* at 1.) However, he provides no details about that injury or the nature, severity, and duration of his impairment, or how his injury or impairment "substantially limits" any major life activity. In other words, the complaint fails to allege how his work-related injury that occurred on May 18 is more than transitory or minor. Thus, as pleaded, Hussein fails to allege

enough facts to show that he has a "disability" as that term is used in the ADA and Oregon law.[2] If Hussein files an amended complaint, he needs to provide additional factual details about his impairment and its effect to know that his ADA claim is plausible.

###    2.    Retaliation/OSHA/Safety Violations

OSHA violations do not themselves do not create a private cause of action for violations. 29 U.S.C. § 653(b)(4); *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994). And there is "no federal cause of action for an employer's retaliatory discharge of an employee who has filed a complaint" under OSHA. *Sandoval v. N.M. Tech. Grp.*, 174 F.Supp.2d 1224, 1229 (D.N.M. 2001) (citing 29 U.S.C. § 660(c)(2) (explaining that an employee who believes he was fired or discriminated against for a reporting an OSHA violation "may file a complaint with the Secretary") (emphasis added)). Hussein alleges that he was terminated because he reported a safety violation to OSHA. Even if true, there is no cause of action for that alleged conduct under 29 U.S.C. § 660(c), and his OSHA claim is deficient as currently pleaded.

Broadly reading Hussein's complaint, he also alleges that he was fired for reporting safety violations under state law, citing ORS § 654.062(5). (Compl. at 4.) That statute protects employees who report safety violations or refuse to perform hazardous work. As discussed above, however, a claim under § 654.062(5) requires Hussein to allege that he gave notice as required by the OTCA. Because Hussein does not allege that he gave the required OTCA notice, as pleaded, his state law claim is deficient.

---

[2]    Hussein does not allege any facts about whether he filed a worker's compensation claim and does not assert that he was terminated or experienced retaliation for using for using the worker's compensation system. Such claims must be pleaded under ORS § 659A.040.

### 3.    Wrongful discharge

In Oregon, employment is "at will," meaning that an employer may fire an employee at any time and for any reason unless a constitution, law, or contract says otherwise. *Babick v. Or. Arena Corp.*, 333 Or. 401, 407 (2022). The Oregon Supreme Court has recognized three exceptions through the wrongful discharge tort: (1) when an employee is terminated for fulfilling a societal obligation or "public duty"; (2) when an employee is terminated for exercising a job-related right that reflects an important public policy; and (3) "where an adequate existing remedy protects the interests of society so that an additional remedy of wrongful discharge will not be accorded." *Walker v. State ex rel. Or. Travel Info. Council*, 367 Or. 761, 776 (2021) (quoting *Delaney v. Taco Time Int'l*, 297 Or. 10, 15-16 (1984)). "The third category is really a restriction of the other two and provides that no common law action exists if a statutory remedy already adequately protects the interests of society." *Kofoid v. Woodard Hotels, Inc.*, 78 Or. App. 283, 287 (1986) (citing *Walsh v. Consolidated Freightways*, 278 Or. 347 (1977)).

Hussein alleges that he was terminated for exercising his rights embodied in ORS Chapter 659A that protect "against disability discrimination" and under ORS § 654.062 that protect employees that report "workplace safety issues." (Compl. at 4.) As currently pleaded, Hussein does not identify a societal obligation or public duty that he was fulfilling, or that he was exercising a job-related right that reflects an important public policy that is separate from his disability claim or retaliation claim based on reporting safety violations. As discussed above, those claims are protected by existing statutes, ORS §§ 659A.112 and 654.062(5). Because Hussein has statutory rights that protect his interests here, he fails to allege a wrongful discharge

claim. If Hussein files an amended complaint that includes a wrongful discharge claim, he will need to include additional facts to show that his wrongful discharge claim is plausible.

## CONCLUSION

The court GRANTS Hussein's application for leave to proceed *in forma* pauperis (ECF 2) but the Clerk should not issue process until further order of the court. For Hussein to proceed further, he must file an **AMENDED COMPLAINT** that provides enough factual detail to support all legal claims, as required by Federal Rule of Civil Procedure 8(a)(2). Hussein also must allege facts showing that he provided notice as required by the OTCA for his state law claims to proceed and that he exhausted his administrative remedies with the EEOC or BOLI for his ADA claim to proceed. Hussein must file the Amended Complaint within 30 days of the date of this ORDER—which is **March 17, 2026**. Failure to respond to this Order by March 17, 2026, may mean that the court will recommend dismissing this case.

DATED: February 17, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge